FILED
September 07, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_Breanna Coldewey\_\_
DEPUTY

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF TEXAS

FILED
AUG 2 0 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| YAZAN A. ABDELKARIM SHAREF § <br> Plaintiff § <br> § <br> vs. § <br> § <br> RELIANCE DELIVERY COMPANY, LLC § <br> Defendant § | CAUSE NUMBER: 5:21-cv-00429 |

### MOTION SEEKING LEAVE TO AMEND PLEADINGS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, YAZAN A. ABDELKARIM SHAREF ("Plaintiff") files this Plaintiff's Original Complaint, EEOC specifies and gave Letter to Sue, Charge of Discrimination, complaining of, ("Defendant"), RELIANCE DELIVERY COMPANY, LLC and states as follows:

### I. DISCOVERY LEVEL

Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 2.

### II. NATURE OF THE SUIT

This Lawsuit arises from the Plaintiff not receiving the proper treatment while employed with said Defendant, RELIANCE DELIVERY COMPANY, LLC., committing a Charge of Discrimination of Title VII, of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, religion or national origin. This discrimination began when Plaintiff was prohibited to return to the United States because of the threat of COVID-19 Pandemic. Plaintiff was required By the U.S. Customs and Border Protection Agent (CBP) to do 14 Days of quarantine. Defendant RELIANCE DELIVERY COMPANY, LLC.

Defendant did commit a failure to comply with CDC COVID19 REGULATION.

Plaintiff was Forced to work off the Clock two hours Prior to his arrival to San Antonio International Airport.

Plaintiff did not want to commit a failure to comply. which is a criminal offense under the Texas Government Texas Government Code - GOV'T § 418.173. Penalty for Violation of Emergency Management Plan.

  Plaintiff was fired from his Employment Position because the Defendant has consistently tried to force Plaintiff to answer his work phone while driving, Plaintiff Had complied to the DOT rules and regulations. Plaintiff would like to point out that the DOT rules and regulation clearly states: "If a commercial truck driver is found to be texting or otherwise using a hand-held cell phone in violation of these regulations, new penalties will apply. Each offense could result in a $2,750 fine and drivers found in violation of the regulation multiple times could even lose their commercial driver's license." A new law has been added to these safety rules, March 1, 2020, applicable violations will carry an additional penalty increases to 10 demerit points during double-demerit periods.  OSHA states that employers cannot encourage employees to use cell phones while operating work vehicles. Employers need to properly educate all employees on best practices with tools, machinery, or hazards. Work with or around. OSHA considers "distracted driving" which can include texting (and potentially the use of cell phones for telephone calls) to be a "recognized hazard" under the General Duty Clause to employee safety. Penalties for willful violations of the Act under the General Duty Clause can be as high as $124,709. OSHA §1926.1417(d) : The operator must not engage in any practice or activity that diverts his/her attention while actually en- gaged in operating the equipment, such as the use of Commercial Truck/Vehicle.

  Plaintiff was not the only employee that was discharged for not following direct orders.  Other employees lost their income to take care of their families because they followed the Rules and Regulation by DOT and OSHA.

-

### III. PARTIES

Plaintiff, YAZAN A. ABDELKARIM SHAREF ("Plaintiff"), residing at 601 N. Santa Rosa, Apt. B2, San Antonio, Tx 78207.

Defendants, ("Defendant"), RELIANCE DELIVERY COMPANY, LLC., business address: Eric Moral, Manager, 13401 Sunset Bay Lane, Pearland, Tx 77584. No Legal Counsel on Record.

### IV. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

Pursuant to Chapter 15 of the TEX. CIV. PRAC. and REM. CODE, venue is proper in Bexar County, Texas in that all or a substantial part of the acts or omissions giving rise to this action, arose in Bexar County, Texas.

### V. BACKGROUND

Plaintiff, YAZAN A. ABDELKARIM SHAREF would like to state that he had been put into a very difficult situation when the Defendant, RELIANCE DELIVERY COMPANY, LLC decided to discharge the Plaintiff and committing a Charge of Discrimination of Title VII, of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, religion or national origin, and wrongful termination of employment, which is a violation of federal anti-discrimination and a contractual breach.

As stated above, Plaintiff will stand firm with his Complaint and therefore will consistently state the same.

Plaintiff not receiving the proper treatment while employed with said Defendant, RELIANCE DELIVERY COMPANY, LLC., committing a Charge of Discrimination of Title VII, of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, religion or national origin. This discrimination began when Plaintiff was prohibited to return to the United States because of the threat of COVID-19 Pandemic. Plaintiff did not want to commit a failure to comply, which is a criminal offense under the Texas Government Code §418.173. Punishable with incarceration of 180 days and a fine of $1,000.

Plaintiff is claiming that the Defendant has consistently tried to force Plaintiff to answer his work phone while driving, which he refused because of the set rules according to the DOT rules and

regulations. Plaintiff would like to point out that the DOT rules and regulation clearly states: "If a commercial truck driver is found to be texting or otherwise using a hand-held cell phone in violation of these regulations, new penalties will apply. Each offense could result in a $2,750 fine and drivers found in violation of the regulation multiple times could even lose their commercial driver's license." A new law has been added to these safety rules, March 1, 2020, applicable violations will carry an additional penalty increases to 10 demerit points during double-demerit periods. OSHA states that employers cannot encourage employees to use cell phones while operating work vehicles. Employers need to properly educate all employees on best practices with tools, machinery, or hazards. Work with or around. OSHA considers "distracted driving" which can include texting (and potentially the use of cell phones for telephone calls) to be a "recognized hazard" under the General Duty Clause to employee safety. Penalties for willful violations of the Act under the General Duty Clause can be as high as $124,709. OSHA §1926.1417(d) : The operator must not engage in any practice or activity that diverts his/her attention while actually en- gaged in operating the equipment, such as the use of Commercial Truck/Vehicle.

    Plaintiff refused to follow orders demanded by Defendant because he was following the Rules and Regulation put in place by DOT and OSHA. Plaintiff refused to commit these violations, because he did not want to risk having these violations on his Drivers License and being permanently marked so that he will never be able to be employed, driving a Commercial Truck.

    Defendant deliberately found cause to either discharge Plaintiff from his employment or exasperate him so that he would voluntarily resign from his position. Defendant was anticipating to conceal their Violating acts, therefore, retaliating against Plaintiff and marking him as a "Whistle blower". Plaintiff had to stand firm and file a complaint with the EEOC in order to investigate the Defendants could not stand by and let the Defendant continue to enforce Violations regulated by DOT and OSHA.

    Plaintiff, therefore, is asking for a full Investigation by DOT and OSHA, so that no other employee is being forced to act within those Violations.

    Plaintiff was not the only employee that was discharged for not following direct orders. Other employees lost their income to take care of their families because they followed the Rules and Regulation by DOT and OSHA.

    Defendant is refusing to pay the Plaintiff back pay of his unemployment and a consistent unemployment pay until he is able to find employment.

MOTION SEEKING LEAVE TO AMEND PLEADINGS

## VII. DAMAGES AND OTHER RELIEF REQUESTED

Plaintiff is also seeking compensation for being targeted and retaliated against, loss of income during OVID-19 Pandemic, back pay for refusal of unemployment and continued unemployment pay until Plaintiff sought out other employment. Defendant causing the Plaintiff mental and physical anguish.

Therefore, Plaintiff is seeking the amount of and no less then, Four Hundred and Fifty Thousand Dollars ($500,000.00), with an additional demand for Defendant, RELIANCE DELIVERY COMPANY, LLC., paying various fines as high as $124,709, for each Violation, specified and demanded by the DOT and OSHA, holding Individual Management, Supervisors responsible and therefore being confined and incarcerated for no less th en 180 days for each enforced violation.

Filed In A Good Faith:

_____
YAZAN ABDULLAH ABDELKARIM SHAREF
Respondent
601 N. Santa Rosa, Apt. B2
San Antonio, Tx 78207
901-530-8435/yazansharef@icloud.com

Plaintiff Signature:

NOTARY PUBLIC:

AUJANAI PHILLIPS
Notary Public, State of Texas
Comm. Expires 07-23-2025
Notary ID 133229219

State of Texas
County of Bexar
Sworn to and subscribed before me on
the 20 day of August, 2021
_____
Notary Public's Signature
My Commission Expires 7/23/25

## CERTIFICATE OF SERVICE

I, Yazan A Sharef, Plantiff ProSe, do here by certify that on the 20th Day of August, 2021, a true and correct copy of the Foregoing pleading was forward To Reliance Delivery Company LLC Representation, Via email as Following:

Oliva Saks Garcia & Curiel LLP
14255 Blanco Rd.
San Antonio, Texas 78216
T: 210-308-6600
F: 210-308-6939

By: /s/ Scott E. McCarty
R. Carlo Garcia
State Bar No: 00790744
Scott E. McCarty
State Bar No. 24094826
E-mail: cglaw@osgclaw.com
E-mail: semccarty@osgclaw.com

ProSe : Yazan Abdullah Abdelkarim Sharef 601 N. Santa Rosa, Apt. B2 San Antonio, Texas 78207 yazansharef@icloud.com

08/20/2021

_____
Signature of Plantiff