IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YAZAN A. ABDEKARIM SHAREF,<br>　　　*Plaintiff,*<br><br>v.<br><br>RELIANCE DELIVERY COMPANY, LLC,<br>　　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-21-CV-00429-XR |

## ORDER

On this date, the Court considered Defendant's motion to dismiss (ECF No. 24). No response was filed, and the time to do so has now passed. For the reasons discussed more fully below, the Court **GRANTS** the motion.

## BACKGROUND

Plaintiff Yazan A. Abdelkarim Sharef ("Plaintiff") was a delivery driver employed by Defendant Reliance Deliver Company, LLC. ECF No. 24, at 1. Plaintiff worked for Defendant for approximately one year, from October 2019 to September 2020. *Id.*

Plaintiff alleges that, during his employment, he suffered discrimination based on his race, national origin, and religion. Specifically, Plaintiff alleges that, on February 13, 2020, he received a racist text message from Defendant's representative, which read "good luck with today and robberies." ECF No. 22 ¶ 1. Plaintiff also claims that, on April 12, 2020, Defendant's company director, Tom Meclen, removed Plaintiff from the remote dispatch schedule and gave those hours "to another privileged employees, from the same national origin of his[.]" *Id.*

Plaintiff further alleges that, during the COVID-19 pandemic in May 2020, he returned to the country from Jordan. *Id.* ¶ 5. Upon his return, Meclen called on him to work, in violation of

1

regulations in the Texas Health and Safety Code. *Id.* Plaintiff also claims that two customer complaints were fabricated against him. *Id.* ¶ 6.

Plaintiff believes that Meclen terminated two other employees because they were Muslim. *Id.* ¶ 7. Plaintiff submits that a friend of Meclen's stated that she did not like one of these employee's music. *Id.* Plaintiff further claims that Meclen told him that the other employee's age was not fit for such a demanding job. *Id.* Plaintiff alleges that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") based on these incidents. *Id.* ¶ 8.

Plaintiff further alleges that, in July 2020, Meclen assigned him to drive a delivery vehicle with known mechanical failures, which resulted in damage to the vehicle. *Id.* Plaintiff claims that, at this point, he "knew that he will not ne able to keep his job[.]" *Id.*

Plaintiff also alleges that, on September 9, 2020, a dispatcher attempted to call him while he was driving a delivery vehicle, and that these actions violated Department of Transportation ("DOT") and Occupational Safety and Health Administration ("OSHA") regulations. *Id.* ¶ 9. Plaintiff was terminated from his employment that same day. *Id.* In his complaint, Plaintiff also describes several misrepresentations Defendant allegedly made at his hearing for unemployment benefits. *See id.* ¶¶ 10–16.

On February 4, 2021, Plaintiff, proceeding *pro se*, initiated an action in state court. ECF No. 1-1, at 4. On April 29, 2021, Defendant removed the action to this Court. ECF No. 1. On August 20, 2021, Plaintiff filed a motion for leave to file an amended complaint, which the Court granted. ECF Nos. 14, 16. Thereafter, on September 13, 2021, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. ECF No. 18.

On September 30, 2021, the Court held an initial status conference. ECF No. 21. At the status conference, the Court held argument on Defendant's then-pending motion to dismiss. The

Court informed Plaintiff that, although his first amended complaint was deficient, the Court would permit him to amend his complaint for a second time to address the deficiencies that the employer had raised. Based on the discussion held at the initial status conference, the Court issued an order granting Defendant's motion to dismiss and permitting Plaintiff to file a second amended complaint, no later than November 1, 2021. ECF No. 20.

On October 1, 2021, Plaintiff filed the operative second amended complaint. ECF No. 22. On November 3, 2021, Defendant filed a second motion to dismiss for failure to state a claim. ECF No. 24. Meanwhile, Plaintiff has filed numerous motions, including two motions for default judgment and/or final judgment on the pleadings (ECF Nos. 23, 29), a motion for a temporary restraining order and preliminary injunction (ECF No. 31), a motion for a protective order (ECF No. 32), and a motion to quash a deposition subpoena (ECF No. 33). The Court granted Plaintiff's motion to quash a deposition subpoena. All other motions remain pending.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of claims in a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put differently, a plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of*

*Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)).

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), all factual allegations from the complaint must be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and "'naked assertions' devoid of 'further factual enhancement'" are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## II. Analysis

Plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act based on his race, national origin, and religion. ECF No. 22 ¶¶ 1, 4, 7, 17. Plaintiff also appears to allege retaliation in violation of Title VII. *See id.* ¶¶ 7, 17. Plaintiff cites several other federal criminal statutes and regulations in an apparent attempt to establish a cause of action. *See id.* ¶¶ 5, 6, 9, 16.

### A. Plaintiff has failed to a state a claim for disparate treatment discrimination.

Title VII makes it "an unlawful employment practice for an employer . . . to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[,] . . . . religion . . . or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). In order to establish a valid claim for

discrimination under Title VII, a plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas v. Green,* 411 U.S. 792, 802–04 (1973). To establish the prima facie case of disparate treatment discrimination, the plaintiff must show (1) he was a member of a protected class; (2) he was qualified for his position; (3) an adverse employment action was suffered; and (4) other similarly situated employees were treated more favorably. *Bryan v. McKinsey & Co.,* 375 F.3d 358 (5th Cir. 2004).

Here, Plaintiff's second amended complaint alleges that that, on February 13, 2020, Defendant sent him via text message what he considered to be a racist comment. ECF No. 3 ¶ 1. The text message read, "good luck today and robberies." *Id.* Plaintiff further alleges that, on April 12, 2020, Defendant's company director Meclen "took down" his remote dispatch schedule "and gave the hours to another privileged employee[], from the same national origin of his, and, [he] was never put on the dispatch schedule until his last day of employment." *Id.* ¶ 4. Plaintiff also alleges that Defendant has retaliated against other employees who are Muslim. *Id.* ¶ 7. Based on these allegations, Plaintiff submits that Defendant engaged in unlawful discrimination.

These allegations are insufficient to establish a prima facie case for disparate treatment discrimination under Title VII. An "adverse employment action" for Title VII discrimination claims "include[s] only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007) (internal quotations omitted). The single text message and the change in remote dispatch schedule Plaintiff describes in his second amended complaint fail to establish that he suffered an adverse employment action. *See Banks v. East Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003) ("[A] decision made by an employer that only limits an employee's opportunities for promotion or lateral transfer does not qualify as an adverse employment action under Title VII.").

5

To the extent Plaintiff argues that his termination constituted an adverse employment action, Plaintiff has failed to show that other similarly situated employees were treated more favorably. *See Perez v. Texas Dep't of Criminal Justice, Inst'l Div.*, 395 F.3d 206, 213 (5th Cir. 2004) ("We . . . have explained consistently that for employees to be similarly situated those employees' circumstances, including their misconduct, must have been 'nearly identical.'"). The one comparator Plaintiff describes is the selection of another employee for a remote dispatch schedule. The complaint fails to explain who this other employee is. *See Hackman v. Westward Comms., LLC*, 282 F. Supp. 2d 512, 527–28 (E.D. Tex. 2003) ("The 'nearly identical' standard, when applied at the *McDonnell Douglas* pretext stage, is a stringent standard—employees with different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records are not considered to be 'nearly identical.'"). Without more, the Court cannot find that Plaintiff has stated a claim for disparate treatment.

Thus, the Court finds that Plaintiff has failed to state a claim for disparate treatment discrimination under Title VII.

**B. Plaintiff has failed to state a claim for retaliation.**

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in a Title VII protected activity; (2) he was subject to an adverse employment action; and (3) there was a but-for causal connection between his employment in the protected activity and the adverse employment action. *Harville v. City of Houst., Miss.*, 945 F.3d 870, 879 (5th Cir. 2019). Here, it appears that Plaintiff alleges that his termination constituted an adverse employment action and that his filing of a complaint with the EEOC is protected activity. However, Plaintiff fails to allege that he was terminated because he filed this complaint. In fact, Plaintiff

offers no explanation for why he was terminated. Thus, the Court finds that Plaintiff has failed to state a claim for retaliation under Title VII.

### C. Plaintiff has failed to state a claim upon which relief can be granted under federal regulations and federal criminal law.

Plaintiff also alleges that Defendant has violated federal regulations and federal criminal law. *See* ECF No. 22, ¶¶ 5, 6, 9, 16. Defendant's purported violations of federal criminal law do not create a civil cause of action upon which Plaintiff may seek relief in this case. Further, to the extent Plaintiff relies on DOT and OSHA regulations to state a claim for relief, Plaintiff has failed to establish that these regulations afford a private right of action. *See Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) ("OSHA does not give rise to a private cause of action.").

### CONCLUSION

Accordingly, Defendant's motion to dismiss is **GRANTED**. Plaintiff shall take nothing by his claims and his claims are dismissed without prejudice. All other pending motions (ECF Nos. 23, 29, 31, and 32) are **DENIED** as moot. The Clerk's Office is **DIRECTED** to enter final judgment pursuant to Rule 58 and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this November 24, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE